IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | | |
| v. | : | Case Nos. 3:19-cr-136, 3:22-cv-270 |
| ROBERT HUDSON, | | JUDGE WALTER H. RICE |
| Defendant. | : | |

---

DECISION AND ENTRY OVERRULING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (DOC. #56); DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; JUDGMENT TO ENTER IN FAVOR OF THE GOVERNMENT AND AGAINST DEFENDANT; TERMINATION ENTRY

---

This matter is before the Court on Defendant Robert Hudson's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, Doc. #56. The Government filed a Response in Opposition, Doc. #60, and Defendant filed a Reply. Doc. #61. This Court has reviewed the parties' filings, and upon a thorough *de novo* review of this Court's file, hearing transcripts, and the applicable law, this Court OVERRULES Defendant's Motion to Vacate. Doc. #56.

I. **Procedural Background**

Following a guilty plea, Defendant Robert Hudson ("Hudson" or "Defendant") was convicted of one count of Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a). Doc. #40, PageID #143. Because Defendant

admitted to molesting two minor males during his guilty plea, *see* Doc. #46, 2/3/20, Plea Tr. at 219–26, the Presentence Investigation Report ("PSR") determined he qualified for a 5-level enhancement based on a pattern of activity under the Sentencing Guidelines, PSR ¶¶40–54,[1] which would have resulted in a recommended sentence of 262 to 327 months if the statutory maximum penalty was not capped at 240 months. Doc. #60, PageID #353. The Court ultimately sentenced him to 192 months; 10 years supervised release; a $100 special assessment; and forfeiture of property. The Sixth Circuit Court of Appeals affirmed the conviction, *United States v. Hudson*, No. 20-4229, 2022 U.S. App. LEXIS 874 (6th Cir. Jan. 7, 2022), and rejected Hudson's argument that the 5-level enhancement was without a sufficient factual basis as he did not object to either the PSR or the Court's application of the enhancement at his sentencing hearing. *See id.* at *7.

Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, Doc. #56, on September 19, 2022, asserting ineffective assistance of counsel by Assistant Federal Defender Kevin Schad and Federal Public Defender Deborah Williams based on three separate grounds: that his plea was not knowing or voluntary (Ground 1); that counsel failed to investigate on his behalf (Ground 2); and that counsel failed to object to erroneous factual matter that resulted in his 5-level enhancement under the Sentencing Guidelines (Ground

---

[1] While the Court has reviewed the Pre-Sentence Investigation Report ("PSR"), it was not filed and docketed on the record.

2

3).[2] The government, after receiving two extensions from the Court, *see* Doc. ##58–59, filed its Response in Opposition, Doc. #60, on November 21, 2022. Hudson then filed a Reply on December 2, 2022. Doc. #61. The petition is now ripe for review.

## II. Analysis

To succeed on a claim of ineffective assistance of trial counsel, Defendant must show: (1) counsel's performance was deficient; and (2) resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is "a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Id.* at 689.

To show that his counsel's performance was deficient, a defendant must provide facts that demonstrate his "counsel's representation fell below an objective standard of reasonableness." *Eley v. Bagley*, 604 F.3d 958, 968 (6th Cir. 2010); *see also Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (setting out the same standard for ineffective assistance of counsel in the context of a plea). Upon review, "[j]udicial scrutiny of counsel's performance must be highly deferential," and the court must make "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." *Strickland*, 466 U.S. at 689. Unless the defendant can show deficient performance by his counsel, the court's

---

[2] While Defendant's petition explicitly names his appellate counsel as being responsible for providing him ineffective assistance, Doc. #56 at PageID #325, the substance of his claims applies to representation he received at the trial level, which would implicate his trial counsel, Assistant Federal Defender Cheryll Bennett.

3

inquiry ends, and the claim fails. *Id.* Further, even if deficient performance is shown, to establish prejudice the defendant must also show that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Both Hudson's initial and reply briefs contend that *pro se* pleadings are "'to be liberally construed . . . and . . . must be held to less stringent standards than formal proceedings drafted by lawyers.'" Doc. #57, PageID #329 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted)); Doc. #61, PageID #365 (quoting *Erickson*, 551 U.S. at 94 (internal quotation omitted)). Hudson goes even further and argues that the Court must "read [his] pro-se [sic] complaint indulgently, and accept [his] allegations as true, unless they are clearly irrational or wholly i[n]credible." Doc. #57 (first citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), and then citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).[3] As to the substance of his argument, Hudson maintains that his counsel's performance was deficient in three respects: (1) failure to adequately inform him how his plea would affect sentencing considerations; (2) failure to investigate the facts underpinning his sentencing enhancement for a pattern of conduct; and (3) failure to object to the erroneous factual information in the presentence report. Doc. #57, PageID ##330–36.

---

[3] Defendant's reliance on *Haines* is misplaced as that precedent was focused on addressing Rule 12(b)(6) dismissal in the context of both liberal construction of *pro se* complaints and the now-superseded pleading standard laid out in *Conley* v. *Gibson*. *See Haines*, 404 U.S. at 521 (citing *Conley*, 355 U.S. 41 (1957), superseded in part by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

4

As an initial matter, Hudson misidentifies who his counsel of record was during the pleading and sentencing process.[4] However, as pointed out by the Government and affirmed by Hudson in his reply brief, *see* Doc. #60, PageID #357 and Doc. #61, PageID #366, the attorney who represented Hudson during the pleading and sentencing stages was Assistant Federal Defender Cheryll Bennett. Therefore, the Court will liberally construe Hudson's claims as if they were presented against Counsel Bennett.

The Court finds Defendant's allegations of ineffective assistance of counsel to be unpersuasive. Hudson's petition fails on the merits by attempting to introduce evidence that directly contradicts both his own sworn statements and the record. At his plea hearing, Hudson admitted under oath that he fully understood the nature of the charge against him—receipt of child pornography—as well as the facts recited in support of the charge, and that he had no questions about either. *See* Doc. 46, 2/3/20 Plea Tr. at PageID ##227–28. Those facts included that Hudson "had a 12-year-old jack [him] off once," *id.* at PageID #223, and had "engaged in sexual activities . . . with the young child of a former girlfriend." *Id.* The plea hearing also outlined Counsel Bennett's estimated Sentencing Guidelines calculation for Hudson, *id.* at PageID ##228–32, which he stated under oath that he understood. *Id.* at PageID #232. He further affirmed this

---

[4] In his Petition, Doc. #56, Hudson identifies Kevin Schad—who served as his counsel on appeal before the Sixth Circuit—and Deborah Williams as the attorneys who represented him during the "stages of judgment [he] is challenging," Doc. #56, PageID #325, namely the pleading and sentencing stages, and used male pronouns when referring to counsel. Doc. #57, PageID #330-33.

understanding when the Court informed him that "while it's a very educated estimate, it's an estimate only," that "it's not the final decision on the sentencing range," and that the final decision was up to the Court. *Id.* at PageID #233. The Court then had a lengthy back-and-forth discussion with Hudson to ensure his full and complete understanding of the charges, sentencing, his right to trial, and the quality of representation he received from Counsel Bennett. *Id.* at PageID ##233–41. Hudson agreed that he understood everything and also agreed that he was "satisfied with the advice and legal services that Ms. Bennett ha[d] given [him]." *Id.* at PageID #241.

Separately, at the sentencing hearing, Hudson affirmed that he had reviewed the PSR with Counsel Bennett and had no objections to it. Doc. #45, 7/27/20 Sent. Tr. at PageID #175. The PSR's statement of facts included Hudson's admissions that he sexually abused two minors. *See* PSR ¶¶22–23, 44, 59. Also, like the details laid out in both the criminal complaint and Hudson's plea agreement, the PSR also described his online chat logs where he boasted that he had masturbated with Minor Male A and "played" with the genitals of Minor Male B. *See* PSR ¶¶22–23. The PSR further noted Hudson's acceptance that he sexually abused these children by touching their genitals. *See id.* ¶¶44, 59. Based on these and other factors, the PSR calculated Hudson's total adjusted offense level of 39, the relevant part of which involved a 5-level increase for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor. See PSR ¶¶40–54 (citing U.S.S.G. § 2G2.2(b)(5)). During the sentencing hearing, the Court

6

found that enhancement applicable and observed: "Again, we have the admissions to contact with minor A and minor B." Doc. #45, 7/27/2020, Sentencing Tr. at PageID #191. No objection was made by the Defendant, and Counsel Bennett even attempted to lessen the impact of Hudson's admissions by claiming he made them "under the influence of alcohol," see id. at PageID #186, and that "he thought if he conceded certain points [to police] that he would be allowed to go home." Id. at PageID #187.

The Court finds Defendant's attempts to argue ineffective assistance of counsel to be unpersuasive and contrary to the statement of facts on the record. The entire plea agreement was read into the record in court while Hudson was present and able to object, yet he simply confirmed it was indeed his plea agreement with the government and that he and Counsel Bennett had discussed it. His post-sentencing claims that he never read the plea agreement, or that his attorney never discussed it with him or answered his questions, is contradicted by his sworn testimony at the plea hearing and his unsworn testimony at the sentencing hearing. See United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998) (citations omitted) (observing that a defendant cannot ordinarily refute their sworn testimony from their plea hearing when challenging the validity of his guilty plea).

Hudson's second claim, that his attorney failed to investigate the "inaccurate factual basis" of the 5-level pattern of behavior enhancement and "fooled [Hudson] into unknowingly accepting an enhancement" which raised his

7

guideline range, Doc. #57 at PageID #333, is similarly contradicted by statements he made in open court. *Compare id.* at PageID #334 (stating "counsel failed to review [the PSR] with the [Defendant] or make objections to the inaccurate factual statements") *with* Doc. #45 at PageID #175 (showing Defendant affirmed that "Ms. Bennett discussed the [PSR] with [him]," that he "read it [him]self," and that he had no objections to the report). "In any ineffectiveness [of counsel] case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances...." *Strickland*, 466 U.S. at 691. A habeas petitioner must provide some evidence showing a decision not to investigate was unreasonable, but "speculative assertions that" the lawyer should have conducted a certain kind of investigation "do not constitute such evidence" and cannot by themselves justify either a hearing or habeas relief under 28 U.S.C. § 2255. *United States v. Valencia*, 188 Fed. Appx. 395, 400–01 (6th Cir. 2006).

Hudson vaguely contends that his attorney failed to investigate the claims regarding his pattern of sexual abuse and instead "could have investigated the allegations, contacted the victim, contacted the victim's advocate, reviewed investigative records, sought out witnesses, or done any number of things to determine if he could defend against the pattern enhancement." *See* Doc. #57 at PageID #333. However, Hudson fails to indicate what information that supposedly necessary investigation would have yielded in his favor, particularly in light of critical facts regarding Hudson's sexual contact with minors that were laid out in the statement of facts attached to his plea agreement, Doc. #29 at PageID ##79–

8

81, and offense conduct set forth in the pre-sentence report, PSR ¶¶20–32, neither of which he objected to when given the opportunity to do so on the record.

Hudson's final ground for claiming ineffective assistance of counsel, failure to object to the enhancement, is likewise without merit. *See* Doc. #57 at PageID #334–36. While Defendant had an unresolved criminal complaint pending before the state court at the time he was sentenced, his Guidelines calculation did not factor in that pending charge. Rather, it was the facts he had already openly admitted to the police post-Miranda, namely that he had touched the genitals of two minor males for the purposes of sexual gratification, PSR ¶59, that led to his 5-level enhancement. These facts were presented, and accepted by Hudson under oath, at both the pleading and sentencing hearings, and he cannot now dispute the facts of his PSR "by simply denying the PSR's truth." *See United States v. Adkins*, 729 F.3d 559, 570 (6th Cir. 2013) (quotations omitted). With those facts already in the record as part of the plea deal, Counsel Bennett's choice not to object to the sentencing enhancement "falls within the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, and Hudson has failed to show where "the result of the proceeding would have been different" if he had objected. *See Id.* at 694.

III. Conclusion

For the foregoing reasons, the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #56) is DISMISSED WITH PREJUDICE.

9

Given that Defendant has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, Defendant is denied a certificate of appealability. Given that any appeal from this Court's decision would be objectively frivolous, Defendant is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of the Government and against Defendant.

The captioned cases are hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: January 18, 2024        /s/ Walter H. Rice
                              WALTER H. RICE
                              UNITED STATES DISTRICT JUDGE